## SUPREME LODGE, K. P., v. COOPER.
### (No. 987.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 11, 1916.)

COURTS ⚫⟹97(1)—STARE DECISIS.

The decision of the United States Supreme Court in another case of the same controlling facts will be followed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 329; Dec. Dig. ⚫⟹97(1).]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by J. F. Cooper against the Supreme Lodge, Knights of Pythias. Judgment for plaintiff, and defendant appealed. The judgment was affirmed. On motion for rehearing, rehearing granted, former opinion withdrawn, and judgment reversed and rendered for defendant.

Crane & Crane, of Dallas, and H. P. Brown, of Cleburne, for appellant. Flournoy, Smith & Storer, of Ft. Worth, for appellee.

---

⚫⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HALL, J. In the month of December, 1912, appellee Cooper instituted this suit against appellant to recover damages for the alleged breach of contracts, evidenced by two certain certificates of insurance issued to appellee in the years 1881 and 1887, respectively, by a corporation known as "The Supreme Lodge, Knights of Pythias of the World," alleging that the corporation was duly incorporated in the year 1870, under the laws of Congress, and by express terms of said law the life thereof expired in the year 1890. February 12, 1915, plaintiff filed his first amended original petition, upon which the case was tried. He alleged the existence of the former corporation until the expiration of its charter, the conduct of its business by the unincorporated society and the incorporation of the defendant company in the year 1894. The terms of its charter are set out substantially. It is further alleged that on, to wit, August 30, 1881, there was duly executed and delivered to plaintiff by said Supreme Lodge, Knights of Pythias, a corporation as aforesaid, chartered in 1870, a benefit certificate in writing, in the endowment rank of said order for $2,000 in the second class of said rank, whereby said corporation insured plaintiff's life in the sum of $2,000, payable to certain beneficiaries named in said certificate; that plaintiff paid to said corporation the sum of $1.10 per month on said certificate from the date of its issuance to the ——— day of ———, 1885, when said certificate was surrendered; that on said last-named date he surrendered to said corporation a certificate issued in 1881, and that said corporation issued to him in lieu thereof, a benefit certificate in the fourth class of the endowment rank in said corporation, in the sum of $2,000, said certificate being No. 7461. He alleged the destruction by fire of this certificate, setting out to the best of his knowledge the terms thereof; that on, to wit, June 9, 1887, the original corporation chartered in 1870, issued to plaintiff its certain other benefit certificate in the fourth class of said endowment rank, in the sum of $1,000, being No. 18079, which said certificate was also destroyed by fire; that at the time of the issuance of said certificate the laws of 1884 of said corporation were in force; that under said laws the rates then in force should remain the same; that under said certificate No. 7461 plaintiff's payments, as fixed by the law, were $1.90 per month, and under said certificate No. 18079, the payments were $1.35 per month; that he paid said rates on said certificates to said original corporation, and the unincorporated society which succeeded it after the expiration of its charter until June 29, 1894, and has also paid the premiums to the defendant from the date of its incorporation in 1894 until February 9, 1898, the date of the destruction of the two certificates by fire; that soon after said certificates were burned plaintiff made ap-

plication to defendant for duplicates thereof, and that only one certificate in lieu of the two was issued, in the sum of $3,000; the duplicate certificate being in terms the same as the certificates theretofore held by him and destroyed. He further alleged the loss of the duplicate certificate; that in applying for and accepting, and the defendant, in issuing the certificate in 1898, intended only to supply plaintiff with evidence of his rights under his contracts of insurance theretofore existing as they were evidenced by the certificates which had been destroyed by fire, and that neither plaintiffs nor defendant intended to create a new contract of insurance or to change the terms of the old ones; that from February 9, 1898, he continued to pay to the defendant the sum of $3.25 per month upon his contracts of insurance, as aforesaid, until the ——— day of ———, 1901, when defendant demanded and plaintiff paid the sum of $4.90 per month upon his said insurance, said payment being made under protest, but continued to be paid until January 1, 1911; that he continued to pay, under protest, the rates according to the laws of 1910 to January, 1911, upon the certificate issued to him in 1898, by defendant; that he tendered the rate due under previously existing laws, which defendant refused to accept; that defendant demanded $18.75 as the amount of plaintiff's dues for the month of February, 1911, which plaintiff refused to pay and in lieu thereof tendered the amount due under his certificate, namely, $3.25, which was refused by defendant, and he then tendered to the defendant the sum of $4.90, which was also refused, whereupon he offered to make payment of or for any extra or special assessment which may have been made upon him, which the defendant also refused; that defendant then made known to plaintiff that it would not accept any sum or sums less than $18.75 per month for his insurance, and soon thereafter wrongfully declared the contract forfeited for nonpayment of his dues for the month of February, 1911. Plaintiff prayed for judgment for the amount of any and all payments made by him upon the contracts of insurance mentioned in his pleadings, together with such interest thereon as the law allows, and, in the alternative, if he should be adjudged not entitled to recover the payment with interest, then that he have judgment for the sum of $2,300 the cost of paid-up insurance, etc.

On February 22, 1915, the defendant filed its second amended original answer, consisting of general and special exceptions, general denial, and special pleas. It is alleged in substance that plaintiff's causes of action against the defendant were and are barred by the statutes of limitation of four years; that if plaintiff ever had any cause or causes of action against the defendant, plaintiff ought not now to have and maintain the same, for the reason that on or about January 25, 1911, Jos. Holt and various other nam-

ed parties, certificate holders in and members of the insurance department, or endowment rank of the defendant, filed their complaint, on behalf of themselves and of other persons similarly situated, against the defendant in equity, in the District Court of the United States for the District of Indiana, in which complaint said plaintiffs for themselves and other members of the fourth class of the insurance department, or endowment rank, among other things, sought to recover of the defendant damages for the amount of the contributions paid or certificates held by parties in the fourth class or the value of said certificates against the defendant. This part of the plea, by further proper averments, interposes the defense of res judicata. It is further alleged that after the passage of the laws by defendant, and which are complained of in this case, and after said laws were put into effect, plaintiff paid the rates required of him thereunder and elected to hold defendant liable for the full face of the certificate issued to him in 1898, thereby forming a new agreement and contract with defendant and obligating the defendant to pay plaintiff or his beneficiary, in the case of his death, the full amount of insurance; that plaintiff accepted and acquiesced in the change of rate, causing the defendant to become liable to him under said changed contract, thereby electing to hold the defendant liable under said contract, and estopping himself from claiming any breach by defendant of his alleged prior contracts with defendant; that after said laws of which plaintiff complains were in effect, he tendered to the defendant the amount due upon his certificate of membership under the by-laws in force, previous to January 1, 1911, thereby electing to treat his contract as in full force and effect; that he stood by said election until December 30, 1912, at which time he demanded of the defendant the return of the full amount paid by him under his certificates; that defendant never in any way assumed or became liable upon the contracts made by plaintiff with the original corporation; that it never received any assets or properties of the extinct corporation, nor of the unincorporated society; that in 1898, after the destruction of his certificates by fire, plaintiff applied in writing to the defendant for a new certificate, with change of beneficiary and not for duplicates of his old, destroyed certificates, and the defendant issued to him such new certificate, thereby entering into a new contract, which terminated and rendered void all previous contracts; that such certificate was subject to the constitution, charter, and laws of the defendant existing in 1898, under the provision of which the defendant had full power, right, and authority to pass the laws of 1910 complained of by plaintiff and which were binding upon plaintiff, and upon his failure to comply therewith he forfeited any and all claims and rights against the defend-

ant; that defendant's power and authority is derived from and governed by the charter granted it by the Congress of the United States under which defendant was authorized to pass the laws complained of, and that plaintiff, having become a member of the defendant corporation, at the date of its inception, and having continuously remained a member from said date until the passage of the laws complained of, said laws were and are binding on him and contrary to his rights in any claim against the defendant, and are dependent upon conditions in the charter and are governed by the laws of the United States and the decisions of the courts of the United States, and by the constitution and by-laws of the defendant.

It is further alleged that defendant had no authority to receive premiums from plaintiff except upon the condition that he would comply with its charter, constitution, and laws, and that under its said charter and act of incorporation, under and by virtue of the laws of the United States, the express authority was given defendant to amend its constitution and by-laws, and the amendments of such laws as complained of in this case were but the exercise of the right conferred upon it by its charter; that the other provisions of the laws of 1910, which in addition to the raise in rates were alleged as breaches of plaintiff's contract, had been in full force and effect, and were embraced in the laws of the old corporation for more than four years before the passage of the laws complained of by plaintiff, and that, therefore, any claim by the plaintiff that such provisions breached his contract was barred by limitation; that the measure of damages, even if defendant could be held liable at all, was not the payments of interest made by plaintiff on all certificates issued to him, but the value of the last certificate at the date of its alleged breach, or at least only the amount with interest paid upon the last certificate.

The court submitted the case to the jury upon special issues, and upon the answers returned judgment was rendered in favor of plaintiff for the sum of $2,392.28, with interest thereon from February 27, 1915, at the rate of 6 per cent. per annum, and all costs of suit.

By our original opinion, we affirmed this judgment, basing our action mainly upon the decision rendered in Supreme Lodge, Knights of Pythias, v. Mims, 167 S. W. 835. It appears from the above analysis of the pleadings in this case that the same controlling issues are presented as are found in the Mims Case. The parties hereto filed an agreement in the court below, by the terms of which either side should have the right to read in evidence such portions of the statement of facts in the Mims Case as should be pertinent to the issues herein. It appears from the record that practically all of the documentary evidence and oral testimony ex-

planatory thereof, which was introduced in the Mims Case, was also presented herein. The cases, therefore, are in all essential particulars identical.

Since our original opinion was handed down the Supreme Court of the United States has reviewed and reversed the judgment rendered by the Court of Civil Appeals in the Mims Case, 241 U. S. 574, 36 Sup. Ct. 702, 60 L. Ed. 1179.

While there are several issues presented by the assignments herein which were not considered in the Mims Case, the effect of the decision by the Supreme Court is to settle this controversy adversely to appellee Cooper upon every question which goes to the foundation of his action. The effect of the Supreme Court's holding is that appellee became a member of the new corporation when appellant was reincorporated by the act of Congress of June 29, 1894 (Act June 29, 1894, c. 119, 28 Stat. 96), that the new corporation had the right, under the act, to amend its constitution at pleasure, provided such amendments did not conflict with the laws of the United States or of any state, and that under said act it could so amend its constitution as to increase its rates of insurance.

It is further held that the provision in appellee's contract that his monthly payments should continue the same is not to be regarded as a contract, but as a regulation, subject to the possibility that a raise in rates may be necessary in order to pay benefits, and that the assumption under section 3 of the act could not be deemed the assumption of a contract for immutable assessments.

These being the controlling questions in the case, it is unnecessary for us to consider the other assignments, presenting principally questions of practice, and in deference to the decision of the Supreme Court of the United States, the judgment is reversed and rendered for appellant.